# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXANDER JIGGETTS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-14-529 |
| SPRING GROVE HOSPITAL CENTER | * | |
| Defendants | * | |
| | *** | |

## **MEMORANDUM**

The above-captioned complaint was filed on February 21, 2014. Plaintiff, a patient at Spring Grove Hospital, seeks monetary damages and immediate release from the hospital. For the reasons that follow, the complaint must be dismissed.

Plaintiff alleges that there are acts of sodomy occurring on a continuous basis at Spring Grove among patients and between patients and staff. He alleges there is no law and order in the hospital, that the acts occurring violate Maryland's criminal sodomy statute, and that his exposure to these acts is an attempt to give him a mental illness. Plaintiff likens the atmosphere at the hospital to that of biblical stories of Sodom and Gomorrah. He does not state he has been subjected to sodomy. He claims the conditions at the hospital violate the Eighth Amendment and deprive him of his right to life, liberty and the pursuit of happiness. ECF No. 1.

The complaint fails to state a cognizable claim. The allegation that the acts of others have offended plaintiff is insufficient to establish a constitutional violation. The complaint also fails to state an actual injury suffered by plaintiff. The allegations, which are so fantastic they are difficult to believe, contain no assertion that plaintiff has been harmed in any way other than an offense to his religious sensibilities. Such an injury is not cognizable in a civil rights suit. Any claim of emotional injury allegedly resulting from a constitutional violation must be supported by evidence that is demonstrable, genuine and adequately explained. *See Price v. City of Charlotte, NC*, 93 F. 3d 1241, 1252 (4th Cir. 1996), *see also Randall v. Prince George's County, Md*, 502 F. 3d 188, 208 (4th Cir. 2002) (evidence of demonstrable emotional distress must be sufficiently articulated and may not be supported by conclusory statements).

To the extent plaintiff seeks to institute criminal charges against others for acts he has witnessed, he may not seek to do so through a civil suit filed in this court. This court does not

have mandamus jurisdiction over state employees charged with the responsibility of prosecuting criminal conduct. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969) (no mandamus jurisdiction over state employees).

Plaintiff's request for immediate release from Spring Grove is also unavailable as he has made no attempt to present the claim of entitlement to immediate release to the appropriate state court. Before filing for federal habeas relief, plaintiff must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 121 S. Ct. 1194 (2001). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Accordingly, the instant complaint must be dismissed. A separate order follows.

___March 11, 2014_____       ____/s/_____  
Date      J. Frederick Motz  
     United States District Judge